**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANTHONY STEPHENS,**<br>**Institutional ID No. 02476572,**<br><br>**Petitioner,**<br><br>**VS.**<br><br>**DIRECTOR, TDCJ-CID,**<br><br>**Respondent.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-CV-118-O** |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the petition of Anthony Stephens pursuant to 28 U.S.C. § 2254. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DENIED**.

**I. BACKGROUND**

Petitioner is serving a term of imprisonment of 15 years following his conviction for aggravated assault with a deadly weapon in Cause No. 1678472 in the 485th District Court, Tarrant County, Texas. ECF No. 18-26 at 7–10. He entered an open plea of guilty in exchange for the State dropping three other felony counts. *Id.* at 7, 12. Petitioner appealed and his counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Petitioner filed a response and the appellate court independently examined the record, concluding that the appeal was wholly frivolous and without merit. *Stephens v. State*, No. 02-23-00299-CR, 2024 WL 3896079 (Tex. App.—Fort Worth Aug. 22, 2024, no pet.). He did not file a petition for discretionary review. ECF No. 3 at 2.

On November 26, 2024, Petitioner filed a state application for writ of habeas corpus. ECF

No. 18-26 at 39 (cover letter). The Court of Criminal Appeals of Texas ("CCA") denied the application without written order. ECF No. 18-24. Petitioner filed a second state application, ECF No. 18-29, which was dismissed as subsequent. ECF No. 18-27. He filed a third state application, ECF No. 18-31, which was also dismissed as subsequent. ECF No. 18-30.

Petitioner timely filed his federal habeas petition. ECF No. 3.

## II. GROUNDS OF THE PETITION

Petitioner urges four grounds in support of his petition, alleging that: (1) his trial counsel provided ineffective assistance, ECF No. 3 at 5; (2) his plea was involuntary, *id.* at 7; (3) his sentence was excessive, *id.* at 8; and, (4) his appellate counsel provided ineffective assistance. *Id.* at 10.[1]

## III. APPLICABLE LEGAL STANDARDS

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of

---

[1] The page number references to the petition are to "Page __ of 28" reflected at the top right portion of the document on the Court's electronic filing system.

materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09. A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B. Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal

court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### C. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "*so undermined* the proper functioning of

the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (citing *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In his state habeas application, Petitioner alleged that trial counsel provided ineffective assistance in failing to conduct an adequate investigation, failing to adequately interview witnesses, failing to adequately consult him to establish an adequate defense, and failing to allow him to plead not guilty based on self-defense.[2] ECF No. 18-26 at 23. He did not raise any other

[2] If the pages are out of sequence, Petitioner may also have raised the issue that "counsel failed to aware [sic] court of applicant payments to probation and conditions of supervision/restrictions, or filed motion for probation." ECF No. 18-26 at 22. Even if this ground had been preserved, Petitioner fails to show how it would have entitled him to any relief.

basis for ineffective assistance of trial counsel and did not raise any claim of ineffective assistance of appellate counsel. *Id.* at 18–39. He did not raise any nonfrivolous grounds on appeal despite his response to counsel's *Anders* brief. *Stephens*, 2024 WL 3896079 at *1 n.3. Thus, the grounds set forth in italics by Respondent, ECF No. 19 at 2, are unexhausted and procedurally barred under state law. *Nobles v. Johnson*, 127 F.3d 409, 422–23 (5th Cir. 1997); ECF Nos. 18-27 & 18-30 (reflecting that Petitioner's second and third state applications were dismissed as subsequent). He has made no attempt to show that he can pursue them here.

The record reflects that Petitioner's guilty plea was knowing, voluntary, and intelligent. Petitioner agreed to plead guilty to aggravated assault with a deadly weapon in exchange for the State's waiver of three other assault charges. ECF No. 18-26 at 12. The written plea admonishments reflect that Petitioner understood he faced a term of imprisonment of not less than 2 or more than 20 years. *Id.* In open court, Petitioner averred that he was aware of the consequences of the plea; he was mentally competent to enter the plea; no one had threatened, coerced, forced, or promised him anything in exchange for the plea; he waived his right to further prepare for trial or do any further investigation; and, he was totally satisfied with the representation provided by his counsel. *Id.* at 14–15. The Court found that the plea was intelligently, freely, and voluntarily entered. *Id.* at 17. Upon entry of such a plea, all nonjurisdictional defects in the proceedings are waived. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Thus, Petitioner has waived his right to pursue the ineffective assistance claims that he has exhausted. The allegations are conclusory in any event and fail to raise an issue for review here. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

The only other exhausted ground is that Petitioner's sentence violates the Eighth Amendment right against cruel and unusual punishment. ECF No. 3 at 8, 18–19, 24–25. Petitioner

has made no attempt to show, and has not shown, that the state's denial of this claim was unreasonable in any respect. The record reflects that Petitioner stabbed his victim 16 times. ECF No. 18-22 at 12. She suffered broken ribs, a punctured lung, knots on her head, and bruises to her face. *Id.* at 12–13. She received over 100 stitches. *Id.* at 12. She continues to suffer mentally and physically. *Id.* at 15–17. The trial judge adequately explained why the sentence was imposed. *Id.* at 26–28.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **4th day** of **August, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE